REUBEN ROBIE, PERRY S. DONAHE, AND DAVID RUMSEY, TRUSTEES OF SCHOOL DISTRICT No. 5, IN BATH, RESPONDENTS, *v.* WILLIAM SEDGWICK AND RICHARD HARDENBROOK, APPELLANTS.

*Ejectment—Evidence of Title.*

In an action to recover possession of the site of a school-house, where the Plaintiffs had been in possession as trustees of School District No. 5 for many years, claiming title under the deed of said site to said district in 1812, &c., as against Defendants, who had been in possession about ten years without any pretence of title, the Plaintiffs are entitled to recover.

THIS is an action of ejectment brought by the Plaintiffs, as trustees, to recover possession of a piece of land in Bath, claimed to belong to District No. 5, and was commenced in February, 1859.

The action was tried at April Circuit, 1860, before the Court, without a jury.

The Judge found for Plaintiffs, and judgment was entered in favor of Plaintiffs, with costs. The Defendants appealed to the General Term of the 7th District, and the judgment was affirmed, and the Defendants appealed to this Court.

It was proved on the trial that the premises in question were, in 1819, occupied for use as a school-house lot. There was on it a building used as a school-house; and the school kept in it was the only one in the village. It was burned down between 1822 and 1825, and another school-house was built on it, one year after, which was used for school purposes up to 1849, when it was again burned. After the house burned down in 1849, Mr. Barnes, who owned adjoining lands, fenced the lot in with his, and occupied it until 1851, when he sold out to Whiting & McCall. He gave them a quit-claim deed of the school-house lot, for which they paid nothing. McCall & Whiting occupied the lot, and the Defendants were in possession of the lot under a contract from McCall & Co. to purchase.

School meetings were held in the house, trustees were elected, school-houses were erected, and all the business connected with a school district was transacted by the district, from 1819 down to the time of the trial.

The Plaintiffs proved, by two of the trustees, that no records of the school district, previous to 1846, could be found; and the records of the district, from 1846 to the time of the trial, were offered in evidence, from which it appeared the Plaintiffs were trustees of the district, and it was admitted by Defendants' counsel that Plaintiffs were acting as trustees of District No. 5, in Bath, when this action was commenced.

The Plaintiffs then gave in evidence a deed, dated 29th December, 1812, from Henry A. Townsend and others, to four persons, "Trustees of Bath School," for the premises in question, with habendum clause to them and their successors in office forever, with covenant of warrantee, and proved that the premises described in the deed were the same mentioned in the complaint.

Defendants moved for nonsuit, which was denied, and they excepted. The Defendants then gave in evidence a quit-claim deed, dated October 8th, 1824, from Henry A. Townsend to the trustees of School District No. 5, of the premises in question, containing a clause that the premises should be forever used for the purposes of a school-house.

*Francis Kernan* for Appellants.
*David Rumsey* for Respondents.

HUNT, CH.J.—The first objection to the recovery in this case is based upon the allegation that the Plaintiffs have not shown themselves to be a corporation. It was admitted upon the trial, by the Defendants' counsel, that when this action was commenced, the Plaintiffs were acting as trustees of School District Number Five. It was found that the records of the school district, prior to 1846, could not be found. Since that period the records show a continued action and succession of trustees of the district No. 5. The Defendants themselves introduce a deed from Mr.

Townsend, dated as early as the year 1824, in which a convey-ance was made of the premises in question to three persons desig-nated as "Trustees of School District No. 5, in the town of Bath." The Statute of April 9th, 1795 (3 Greenleaf's Laws N. Y. p. 252), and of 1812 (1 Rev. Laws 1813, p. 258), provided for the division of towns into districts, and the elections of separate trustees.

The deed of December 29th, 1812, was made to Dugald Came-ron and others, "Trustees of Bath School." The deed of 1824, as already stated, was to the "Trustees of School District No. 5, in the Town of Bath."

I think other facts sufficiently show that the district has been divided, and a new corporation, as the successor in part of the old one, organized into the district termed No. 5.

Bearing in mind not only the existence of corporations by presumptive right, but the statutes quoted above, there is suffi-cient ground for presuming the existence of the corporation in question, especially as against simple trespassers.

It is also objected that the Plaintiffs established no title to the premises.

The action was commenced in February, 1859. The Defend-ants, and those under whom they claimed, had been in possession for about ten years, with no pretence of title.

It is apparent that the Plaintiffs claimed to own, and actually occupied these premises, under a claim of title, based upon the deed of 1812. The deed of 1824 may be fairly assumed to have been given in aid of the title under the former deed, and was given to the trustees of this district.

Under the title thus derived, whether effective or insufficient, this district occupied the premises, and maintained an actual *oc-cupation*, until the fire in 1849.

The earlier deed may leave some doubt as to the claim of this particular district, as it was made to the trustees of Bath School, generally.

The deed of 1824, however, specifies this particular district, and from that time until 1849—a period of twenty-five years—

this same district claimed to own under this deed, and actually possessed the premises in question.

This establishes a title in the Plaintiffs, and authorizes the recovery in their behalf.

The deed of 1824 conveys the premises "as a site for a school-house, and for no other purpose."

If this is a condition, and if it has been violated, that is a matter of no consequence to the Defendants. It is between the parties to the deed or their representatives only. No others can allege a breach of the condition, or take advantage of it.

Trespassers can acquire no right under such a claim (Welch v. Silliman, 2 Hill, 491).

Whether the Plaintiffs acquired a title under this deed, I have not considered.

As a claim of ownership, under which a possession for a sufficient length of time will ripen into a title, and without reference to the condition, it is undoubtedly available.

The judgment should be affirmed, with costs.

All concur.

Affirmed.

· JOEL TIFFANY,
State Reporter.